OPINION
{¶ 1} At the time of his death, Ralph Kemp owned a payable on death account with National City Corporation (Account No. 192). National City paid the proceeds of the account to Mr. Kemp's widow, appellant, Doris Pauline Kemp.
 {¶ 2} On September 17, 2001, Floyd Kemp, Ralph Kemp's brother, filed a complaint against National City for wrongfully paying the proceeds to appellant, claiming he was the true beneficiary of the account. On November 15, 2002, National City filed an answer and third-party complaint against appellant to recover the funds in the event it was liable to pay Floyd Kemp.
 {¶ 3} A bench trial commenced on August 23, 2002. By judgment entry filed September 17, 2002, the trial court ordered National City to pay Floyd Kemp $33,259.40 plus interest and ordered appellant to pay National City same amount.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The decision of the trial court was contrary to the manifest weight of the evidence and otherwise unsupported by the evidence."
 I {¶ 6} Appellant claims the trial court erred in determining she was liable to National City for the funds given to her in error by National City. Appellant challenges the trial court's decision as being against the manifest weight of the evidence.
 {¶ 7} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 8} In its judgment entry of September 17, 2002, the trial court determined the funds from Account No. 192 were improperly conveyed to appellant. The trial court ordered National City to pay the amount to Floyd Kemp and ordered appellant to reimburse National City the amount.
 {¶ 9} In her appellate brief at 12-13, appellant concedes the only signature card for the account was payable to Floyd Kemp and based on this fact, the trial court properly ordered National City to pay him the funds. However, appellant argues she established, through bank records marked Exhibits A and B, that she was also entitled to the funds, and National City misplaced or lost the proper supporting documentation.
 {¶ 10} The bank employee who closed Account No. 192 and gave the funds to appellant did so without verifying the original signature card. T. at 17-18. Once the claimed error was made, National City was unable to find any supporting documentation that appellant was the rightful owner of the account. T. at 20. Although appellant presented Exhibits A and B as bank records in support of her claim, bank employees were unable to verify their authenticity. T. at 20, 30. The designation of Floyd Kemp as beneficiary on the account was made on January 28, 2000 and no other documentation is available. T. at 26, 29.
 {¶ 11} Despite appellant's argument that somehow her deceased husband changed the payable on death designation from his brother to her, she was unable to present any credible evidence in that regard except the two unverified bank records (Exhibits A and B).
 {¶ 12} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. "[T]he trial court is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Giurbino v. Giurbino
(1993), 89 Ohio App.3d 646, 659.
 {¶ 13} Based upon the evidence presented, we cannot say the trial court erred in ordering the funds returned. If the testamentary wish of Mr. Kemp was to change the payable on death designation from his brother to appellant, there is no proof in the record.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.